101 So.2d 297

Margaret B. HOWELL

v.

BIRMINGHAM NEHI BOTTLING COMPANY et al.

6 Div. 203.

Supreme Court of Alabama.

March 6, 1958.

Lange, Simpson, Robinson, & Somerville and Wm. L. Clark, Birmingham, for appellees.

Hogan & Calloway, Birmingham, for appellant.

PER CURIAM.

This is an appeal by plaintiff from a judgment for defendants in a suit for damages against the Birmingham Nehi

Bottling Company and Winfred F. Singleton, resulting from a collision between a truck driven by Singleton and an automobile driven by plaintiff. Singleton was the servant or agent of the bottling company, owner of the truck, and was acting in the line and scope of his authority on that occasion. The collision occurred on August 22, 1955, about 3 P.M. on a clear day. The automobile was in front of the truck, and both vehicles were traveling north on Sixteenth Street, North, approaching Tenth Avenue along which are some railroad tracks.

The evidence tended to show that plaintiff slowed her car down for the railroad crossing, having heard the signal bell ringing, when the car was hit by the truck and knocked forward about half way across the railroad tracks. The automobile and truck both came to a stop on the tracks, and the truck then pushed the automobile so that it cleared the tracks before the train reached them. Plaintiff claims personal injuries and damage to her automobile.

The defendant claims that up to the moment of the impact the truck, including the brakes, had been in good condition. It was shown that the truck was equipped with hydraulic brakes and that each wheel had a brake cylinder which was operated by a master cylinder. The truck had been driven 4,000 to 5,000 miles and was in good mechanical condition. On that particular trip the brakes had been applied a number of times and operated successfully. The truck was examined after the accident and it was found that the gasket or cup on the right front wheel had ruptured. The gasket or cup was of standard equipment.

■ Plaintiff contended that there was no such immediate rupture, but if there was Singleton was negligent after he discovered the rupture. That he did not apply the emergency brakes as he should, and that he did not maneuver the steering of the truck to avoid the collision. It all made a question for the jury as to the negligence of Singleton.

The only theory which tended to make the Nehi Bottling Company liable was on the doctrine of respondeat superior. So that if the driver Singleton was negligent, then both he and the bottling company were responsible for the proximate consequences in respect to this plaintiff.

The trial was had on a simple negligence count and a plea of not guilty in short by consent. There was a verdict and judgment for defendant.

The only assignments of error which are argued by counsel for appellant relate to written charges given to the jury at the request of the defendant, and the overruling of plaintiff's motion for a new trial.

The first charge argued by appellant is No. 16, assignment of error No. 27, which is as follows:

"If you are reasonably satisfied from the evidence in this case that Mr. Singleton was operating the truck in a reasonable and prudent manner as he approached the place where the accident occurred and that while so operating the truck he undertook to apply the brakes and that the brakes failed to function, through no negligence on the part of Mr. Singleton, and that after the brakes failed Mr. Singleton acted as a reasonably prudent person would have acted under the circumstances and conditions existing, then I charge you that you should not find in favor of the plaintiff and against Mr. Singleton."

■ The contentions made by appellant in brief as to this charge are (1) it assumes facts to be true when there is evidence which affords grounds for an inference that they are not true; and (2) that it invades the province of the jury. It seems to us the charge is in good form in the respects insisted on. We do not find that the facts stated are assumed but the charge hypothesizes those facts on the reasonable satisfaction from the evidence of their existence. It is insisted that the hypothesis of reasonable satisfaction from the evidence

should be repeated in the charge with respect to each set of facts mentioned. But that is not a fair construction of the charge. We are clear that the charge cannot be fairly interpreted in that respect as contended by counsel for appellant. We think it unnecessary to attempt to build up an argument to sustain our construction of the charge in respect to that contention, and we find no authorities which oppose our view.

It is next insisted that the charge invades the province of the jury. The insistence is that there are other theories of liability than those expressed in Charge 16. One is the truck was being driven too close to plaintiff's automobile; and the other is that Singleton was "skylarking" and ran into the rear of the car. But Charge 16 hypothesizes facts which, if true, expel such theories now being considered. If the driver was running too close to the automobile he was not operating the truck in a reasonable and prudent manner. The same is true as to "skylarking". It assumes as true no facts necessary to justify a verdict for the defendant.

■ We do not wish to imply that we think it would have been reversible error to have refused that charge. It is said that such a charge gives undue prominence to one phase of the evidence which would justify its refusal, but it is not of such character as to require a reversal for giving it. Zemczonek v. McElroy, 264 Ala. 258, 259(8), 86 So.2d 824; Birmingham Electric Co. v. Perkins, 249 Ala. 426, 31 So.2d 640; Aplin v. Dean, 231 Ala. 320, 164 So. 737.

### Assignment of Error No. 20.

This assignment involves the giving of Charge 7 requested by defendant. It is as follows:

"I charge you, gentlemen of the jury, that there is no presumption of negligence arising out of the fact, if it be a fact, that the accident occurred."

■ The charge might have been refused because it is the statement of an abstract principle of law without instructing the jury as to its effect in deciding the issues before them. Smith v. Lilley, 252 Ala. 425(6), 41 So.2d 175. But it is the correct statement of a legal principle, unnecessary to state but not reversible error to do so.

### Assignments of Error 18, 28 and 29

■ These assignments relate to given Charges 4, 24 and 25, and are to the same legal effect. Charge 4 is as follows:

"The burden is upon the plaintiff in this case to reasonably satisfy you from the evidence in the case that the defendants negligently permitted or negligently allowed a motor vehicle to run into, over or against the automobile in which the plaintiff was riding; and if you are not so reasonably satisfied from the evidence you cannot find in favor of the plaintiff."

This argument is based upon an application of section 139, Title 7, Code. That statute provides that: "When a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more". The contention is that those charges place the burden on plaintiff of proving both defendants jointly liable or the plaintiff cannot recover against either of them alone; further, that they ignore the principle of respondeat superior, for under that statute the jury could return could return a verdict in favor of Singleton and against the bottling company. But we note that instead of ignoring that principle the charges give effect to it. During the trial the parties agreed that Singleton was acting as agent of the bottling within the line and scope of his authority while thus driving the company's truck.

Those charges must be treated in connection with the evidence and the agreement of the parties. The Nehi Bottling Company

was not shown to have participated in the act of causing the collision except on the principle of responsibility for Singleton's conduct in driving its truck. When so, a verdict and judgment for Singleton and against Nehi Bottling Company would be a paradox and not allowed by section 139, supra, nor any other principle of law. Downes v. Norrell, 261 Ala. 430, 432, 74 So.2d 593; Waters v. Anthony, 252 Ala. 244(4), 40 So.2d 316.

If the relation of master and servant between Nehi Bottling Company and Singleton did not then and there exist, the principle would have a different application and quite consistently there could be a verdict and judgment in favor of Singleton and against the bottling company.

■ But appellant argues that the charges in question require a personal participation in the negligence by both defendants to justify a judgment against either. The argument ignores the fact that the negligent act of Singleton while acting in the line and scope of his agency is imputed to the Nehi Bottling Company. An allegation of negligence by a party is proven by showing the negligence of his agent acting in the line and scope of his authority. Morrison v. Clark, 196 Ala. 670(4), 72 So. 305; Alabama Power Co. v. Shaw, 215 Ala. 436(12), 111 So. 17; Goodgame v. Louisville & Nashville R. Co., 218 Ala. 507(5), 19 So. 218; Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652 (4), 144 So. 813; Glidden Co. v. Laney, 234 Ala. 475, 175 So. 296; 4 A.L.R.2d at page 308.

Assignments of Error 1 and 5.

Assignment No. 1 is for overruling the motion for a new trial. Assignment No. 5 is not based on a ruling of the court, but on a theory proper for a motion for a new trial. But the question is raised by the first assignment, and it is unnecessary to further consider assignment No. 5.

■ Assignment No. 1 being based on the judgment overruling the motion for a new trial properly presents the contention argued in that respect, that the verdict is contrary to the great weight of the evidence.

The argument is that the collision was either the proximate result of Singleton's negligence in operating the bottling company's truck or it was a "pure accident", for upon no theory of the evidence was this plaintiff negligent on that occasion. Although we may admit that to be a correct statement, the question then is whether a finding that Singleton was not negligent is contrary to the great weight of the evidence. We do not entertain such an opinion.

■ The question of Singleton's negligence was fairly and correctly stated and left to the decision of the jury where it was due to be decided. It is a typical instance of a jury issue decided by them, with the trial judge refusing to set aside their verdict. There is substantial evidence to support a finding that Singleton was not negligent on that occasion, proximately causing the collision, and resulting in injury and damage.

We find no error in the record, as set out in the arguments in briefs of counsel, and the judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LAWSON, SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.