134 So.2d 201

Georgia E. SMITH

v.

F. D. PIERCE.

6 Div. 426.

Supreme Court of Alabama.

Nov. 2, 1961.

Rehearing Denied March 29, 1962.

M. B. Grace, Birmingham, for appellant.

Mead & Norman and Marshall H. Fitzpatrick, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by plaintiff from a judgment rendered for defendant on the verdict of a jury, in an action at law for damages for illness, pain, annoyance, and inconvenience allegedly suffered by plaintiff as "the proximate consequence of the negligence of the defendant or his agents in after notice to defendant, failing and refusing to repair said radiator(s)," in a certain apartment which plaintiff occupied as lessee of the defendant.

The written lease, attached as an exhibit to the complaint, describes the term of the lease as follows:

"* * * during the term of 1 year and —— month, to-wit: from the 1st day of January 1954 to the 31st day of December, 1954 and from year to year thereafter, provided, however, that either the Lessor or Lessee may terminate this lease on the 31st day of December 1954, or on the 31st day of December of any year thereafter by either party giving the other party at least sixty days' written notice (before the 31st day of December of the year in which it is desired to terminate the lease) of intention to terminate."

Plaintiff, with her two daughters, moved into the apartment on January 1, 1954, as we understand the evidence, and continued to live there up until and including the day of the trial in January, 1959. This action was commenced on April 22, 1957.

Plaintiff contended that the valves in the steam radiators in the apartment were defective, that the steam could not be cut off, that as a result of the consequent overheating of the apartment plaintiff suffered the damage alleged, that notice of the condition of the radiators was given to defendant, and that defendant, after notice, failed and refused to make necessary repairs to the radiators.

On cross-examination, plaintiff testified that the defective condition of the radiator valves existed at the time she moved into the apartment in 1954, continued to exist during 1955, 1956, and 1957, and that the condition still existed at the time of the trial in 1959.

Defendant's contentions contradicted the material contentions of plaintiff, particularly in regard to the existence of the defect in the radiators, the injury to plaintiff, and notice to defendant. Defendant also contended that plaintiff was guilty of negligence which proximately contributed to her alleged injury.

Assignments 1 and 2.

■ Plaintiff argues these assignments together. They separately assert that the court erred in giving Charges 9 and 10, respectively, requested by defendant. Charge 9 recites as follows:

"9. I charge you that the defendant has interposed a defense of contributory negligence in this case, which charges the plaintiff with negligence which

proximately contributed to her alleged injuries and damages. I further charge you that if you are reasonably satisfied from the evidence that the radiator or radiators in plaintiff's apartment were not operating properly and allowed the apartment to overheat, still if you are further reasonably satisfied from the evidence that the plaintiff failed to exercise reasonable care in alleviating the condition of overheating, and if you are further reasonably satisfied from the evidence that the plaintiff's failure to act proximately contributed to the injuries and damages complained of, then you should find your verdict in favor of the defendant."

Plaintiff's argument in support of Assignments 1 and 2 is substantially comprehended in the following excerpt from the brief submitted in her behalf, to wit:

"The court gave to the jury at the request of the appellee written charge 9 and 10, both being on the theory of contributory negligence. Both of the charges were erroneous and in the case of Preston v. LaSalle Apartments, 241 Ala. 540, 3 So.2d 411 the Supreme Court condemned the two charges and *that part of the decision by the Supreme Court is our argument under these assignment of error*. We feel quite sure the basis of the verdict for the defendant is written charge 9 and 10 given at the request of the appellee. There is another criticism, charge 9 is equivolent to the general charge for the defendant. The charge not based on any evidence in the cause. * * *" (Emphasis supplied.)

As we understand Preston v. LaSalle Apartments, supra [241 Ala. 540, 3 So.2d 412] the charge in that case, similar to Charge 9 in the instant case, was condemned because the contributory negligence of plaintiff submitted by the condemned charge was different from the contributory negligence of plaintiff alleged in the plea of contributory negligence. The opinion emphatically notes that defendant's pleadings *"were not in short by consent."* In that respect the LaSalle case is to be distinguished from the instant case, because the defendant here did plead in short by consent " * * * with leave to give in evidence matter which if well pleaded or which if specially pleaded, including a plea of the statute of limitations of one year, would be admissible in defense of the action, to have effect as if so pleaded * * *." As a result, Charge 9 does not contain the fault which appeared in the charge in the LaSalle case and is not subject to the objection now urged against it by appellant on the authority of that case.

■ Where several assignments of error are grouped and argued as one, and one assignment is without merit, the others will not be considered. Whitt v. Forbes, 258 Ala. 580, 64 So.2d 77; Alabama Company v. Norwood, 211 Ala. 385, 100 So. 479. Assignment 2 is argued in bulk with Assignment 1, which is without merit, and, under the rule, Assignment 2 will not be considered.

### Assignment 3.

■ Assignment 3 asserts that the court erred in giving defendant's requested Charge 12 which recites as follows:

"12. I charge you that there was no provision contained in the lease between the parties to this lawsuit which required the plaintiff to continue to live in the apartment occupied by her at the expiration of the lease."

Charge 12 might have been refused because it is the statement of an abstract principle of law without instructing the jury as to its effect in deciding the issues before them, but it is a correct statement of a legal principle, unnecessary to state, but not reversible error to do so. Howell v. Birmingham Nehi Bottling Co., 267 Ala. 290, 101 So. 2d 297. If the tendencies of the charge were misleading, as appellant seems to assert, her remedy was to request an explanatory charge. Farr v. Blackman Plumbing

& Heating Co., 267 Ala. 585, 103 So.2d 777; Bailey v. Tennessee Coal, Iron & R. Co., 261 Ala. 526, 75 So.2d 117; and authorities there cited. We cannot say, from a consideration of the entire record that the giving of Charge 12 was so misleading as to constitute reversible error.

### Assignment 4.

■ Appellant's entire argument in support of Assignment 4 is as follows:

"The trial court erroneously gave to the jury written charge No. 7. The charge is that if the jury is reasonably satisfied from the evidence that the apartment occupied by plaintiff contained radiators with faulty valves, still, if you are reasonably satisfied from the evidence that the apartment did not become overheated, your verdict should be in favor of the defendant. The evidence of three witnesses testified it did become overheated and there is no evidence it did not become overheated, and the question is what caused it to become overheated. It seems this charge is a silly charge and it seems it is erroneously framed and it probably was very confusing to the jury. If it be a question of a fact, all the evidence was to the fact the apartment did become overheated, and the question was the cause of the apartment becoming overheated."

The foundation of plaintiff's claim was her assertion that the apartment became overheated as the proximate result of defendant's negligence. If the apartment did not become overheated, clearly plaintiff was not entitled to recover. It is true that plaintiff and her daughters testified that the apartment became overheated. There is also evidence which supports an inference that the apartment did not become overheated. Plaintiff testified that "pretty soon after" she moved into the apartment in January, 1954, she told Mrs. Williams, secretary in the rental agency, that the apartment became overheated. Mrs. Williams testified that she started to work for the agency on

September 1, 1955; that she had no recollection of ever having a conversation with plaintiff in which plaintiff complained of the overheating; and that she, Mrs. Williams, did not find in the agency's records any mention of any overheating condition prior to a letter dated February 13, 1957, written by plaintiff's attorney. There is also evidence that the radiators made pounding noises when cut on; that the pounding noises resulted from hot steam coming in contact with cold water formed from steam which had condensed in the radiators; and that the radiators were not constantly hot as plaintiff claimed but were merely warm. We are clear to the conclusion that tendencies of the evidence supported defendant's contention that the apartment was not overheated. There was evidence to support plaintiff's contention to the contrary. Charge 7 submitted that issue to the jury without error.

### Assignment 8.

■ This assignment recites that "The court erred in permitting appellee stating to the jury in the opening statement and to show to the jury complaints in other actions filed by appellant and to interrogate appellant as to said actions filed by appellant and overruling objection of appellant as to said suits or actions."

The opening statement of appellee does not appear in the record and, therefore, we are not able to review it or the action of the court in overruling objections thereto. The transcript of the evidence appears to indicate that no objections or exceptions were reserved to the opening statement. McLaney v. Turner, 267 Ala. 588, 104 So.2d 315. We think also that this assignment fails to comply with Supreme Court Rule 1. State v. Carter, 267 Ala. 347, 101 So.2d 550.

### Assignment 10.

■ Appellant asserts that the court erred in overruling her motion for a new trial. Grounds of a motion for new trial not insisted on in argument by counsel for appellant will not be considered on appeal. Mc-

Clendon v. McKissack, 143 Ala. 188, 38 So. 1020. The motion in the instant case contains 14 grounds but the only grounds insisted on by appellant in brief are the grounds which assert that the court erred in giving defendant's requested Charges 9 and 10. The two grounds are again argued together and appellant again cites Preston v. LaSalle Apartments, supra. What we have already said with reference to Assignments 1 and 2 applies here. Error in overruling the motion for new trial has not been shown.

We have treated all errors argued by appellant. Error not being made to appear, the judgment appealed from is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.