Joann Jordan, while operating her 1983 Chevrolet Cavalier automobile on U.S. Highway 31 in Jefferson County, sustained injuries when she inadvertently ran a red light and struck another vehicle. She sued General Motors Corporation (GM) under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), alleging that it had manufactured a defective and unreasonably dangerous seat belt/shoulder harness system. The trial court entered a summary judgment in favor of GM, and Jordan appeals.
Jordan argues on appeal that she presented substantial evidence to support her cause of action against GM and, therefore, that the summary judgment entered against her was improper. We disagree.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. That rule requires the trial court to determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quoting from Schoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala. 1985)). In determining whether there was a genuine issue of material fact, this Court must view the evidence in a light most favorable to the nonmoving party, here Jordan, and must resolve all reasonable doubts against the moving party, here GM. Id.
Because this action was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12.
In order to establish liability under the AEMLD, Jordan must prove that
 "[she] suffered injury or damages to [herself] or [her] property by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
 "(a) the seller was engaged in the business of selling such a product, and
 "(b) it was expected to, and did, reach the user or consumer without substantial change in the condition in which it was sold."
Atkins v. American Motors Corp., 335 So.2d 134, 141 (Ala. 1976); Casrell v. Altec Industries, Inc., 335 So.2d 128, 132
(Ala. 1976).
In Sears, Roebuck Co. v. Haven Hills Farm, Inc.,395 So.2d 991 (Ala. 1981), this Court emphasized that mere proof that an accident occurred with resulting injuries is insufficient to establish fault under the AEMLD. Rather, because the AEMLD is a fault-based cause of action, the plaintiff *Page 837 
must affirmatively show that the product was sold with a defect or in a defective condition. Id. The terms "defect" and "defective," as applied under the AEMLD, have been defined as follows:
 "[A] 'defect' is that which renders a product 'unreasonably dangerous,' i.e., not fit for its intended purpose. . . .
". . . .
 " 'Defective' is interpreted to mean that the product does not meet the reasonable expectations of an ordinary consumer as to its safety. Comment g. of the Restatement [Second of Torts (1965)] says defective condition applies when, at the time the product leaves the seller's hands, it is in a condition not contemplated by the ultimate consumer."
Casrell, 335 So.2d at 133.
At this juncture, it must be pointed out that proof of a specific defect is not required if the product is unreasonably dangerous. In other words, "[i]f a product is unreasonably dangerous, it is necessarily defective, and the consumer should not be required to prove defectiveness as a separate matter."Casrell, at 131.
In support of its motion for summary judgment, GM relied on the affidavit testimony of one of its senior project engineers, Pamela Michelle Oviatt. Oviatt's affidavit states, in pertinent part:
 "The subject vehicle . . . was shipped new from General Motors Corporation on June 19, 1983. At that time, the vehicle was designed, manufactured, sold, and certified to meet all federal motor vehicle safety standards applicable to this vehicle and did meet or exceed these safety standards.
 "In November 1988, I personally inspected the seat belt made the basis of this suit. Based upon my personal inspection of the subject seat belt, the seat belt was properly designed, manufactured, and was reasonably safe for its intended use when it left the hands of General Motors Corporation."
Additionally, GM submitted pertinent portions of the deposition of John E. Sims, Jordan's expert witness, stating that, although he could not identify any specific defects in the subject seat belt system, he was nevertheless of the opinion that the seat belt system was defective because Jordan, while wearing her seat belt, incurred injuries that he felt she would not have received if the seat belt system had functioned properly.
In opposition to GM's motion for summary judgment, Jordan offered: (1) all evidentiary material of record and (2) an affidavit of her expert witness, John Sims, which stated, in pertinent part:
 "I have inspected the vehicle which Ms. Joann Jordan was driving at the time of her accident and have also inspected the seat belt for the driver's seat of that vehicle. Damage to the steering wheel and the windshield of the vehicle indicates that Ms. Jordan was not properly restrained by her lap and shoulder belts in that she went forward in a minor impact and contacted the items in front of her.
 "Examination of the tongue portion of the buckle assembly revealed marks that show a high-use rate. Additional examination of the D-ring and teeth of the belt-locking mechanism revealed marks that would be consistent with the seat belt being in use at the time of the accident.
 "Thus, it is my engineering opinion that if the seat belt were in use at the time of Ms. Jordan's accident, the unit failed to restrain her in a proper manner."
As emphasized earlier, the plaintiff bears the burden of proving that the product was in a defective condition when it left the defendant's control. Without evidence to support the conclusion that the product was defective and/or unreasonably dangerous when it left the hands of the seller, the burden is not sustained. Sapp v. Beech Aircraft Corp., 564 So.2d 418
(Ala. 1990).
Because Jordan presented no evidence other than evidence that she received injuries as a result of an automobile accident while wearing a GM seat belt, we hold that she did not present substantial evidence to support a claim under the AEMLD. Accordingly, *Page 838 
the trial court's summary judgment in favor of GM is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.