LYONS, Justice.
Darryl Clayton appeals from a judgment entered upon a jury verdict in favor of LLB Timber Company, Inc. (“LLB Timber”), and William George Henderson on Clayton’s negligence claims against them. Clayton contends that the trial court improperly charged the jury regarding mechanical failure and that the trial court erred in denying Clayton’s motion for a new trial. We reverse.

Factual Background and Procedural History

On October 23, 2006, Clayton, a commercial truck driver delivering a load from Chicago, Illinois, to Tallahassee, Florida, stopped at a truck stop in Hope Hull. After Clayton parked his truck, he took a nap in the back of its cab, where he had bunk beds for that purpose. Some time later, Henderson, a commercial truck driver for LLB Timber, drove his truck to the same truck stop in Hope Hull. Henderson parked his truck, left the engine running, and went into the store of the truck stop to buy a drink. Henderson testified at trial that when he parked the truck he set the brakes; he stated that he recalled hearing the distinct popping sound made by the air brakes on the truck when the parking brake is set. The brakes on Henderson’s truck were new; they had been installed just a few weeks before. Inside the store, Henderson chose a drink and went to pay the clerk. On his way to the counter, he glanced out the door and saw that his truck was gone. Henderson stated that he immediately left the store to see what had happened. He saw that his truck had *284 rolled across the parking lot to where Clayton’s truck was parked. Clayton testified at trial that he had just awaked from his nap when he felt two jolts. He looked out the window of his truck and saw that his truck had been struck by another truck.
On September 30, 2008, Clayton sued LLB Timber and Henderson in the Montgomery Circuit Court, stating claims based on several theories of negligence and wantonness and seeking recovery for injuries Clayton claimed he received as a result of the accident.[1] Most of the facts presented at trial were disputed. Clayton claimed that he suffered serious injuries to his back, neck, and left shoulder as a result of the accident. Henderson and LLB Timber maintained that Clayton was malingering and that he suffered only minor or no injuries. Clayton argued that Henderson had negligently failed to set the brakes on his truck. Henderson testified repeatedly that he was certain that he had set the brakes and that he did not know what had caused his truck to roll. Henderson also stated that he had not experienced any problems with the brakes on his truck before or after the accident. Henderson’s supervisor, Craig Nichols, a certified truck inspector, testified that he inspected Henderson’s truck after the accident and did not find anything wrong with the brakes. Nichols also testified that he had tried to recreate the accident, i.e., cause the truck to roll with the brakes set, but was unable to do so.
Over Clayton’s objection, the trial court, in its oral charge to the jury, gave the following instruction:
“It is the duty of the owner or the operator of a motor vehicle to see that it is reasonably safe and in a reasonably safe condition before operating it on a public highway; where, however, the owner or operator of the vehicle without knowledge of a defective condition, known or reasonably foreseeable, experiences mechanical failure and such mechanical failure is the sole proximate cause of the injury or damage, the owner or operator cannot be held liable therefor.”
Alabama Pattern Jury Instructions: Civil (“APJI”) 26.14 (mechanical failure) (2d ed.1993). Clayton’s objection to the charge was sufficient to preserve any error. The jury subsequently returned a verdict in favor of Henderson and LLB Timber, and the trial court entered a judgment on the verdict. Clayton moved for a new trial and, alternatively, to vacate the judgment. He argued that the trial court improperly charged the jury on mechanical failure, that the jury’s verdict was not supported by a preponderance of the evidence, and that the trial court erred in failing to grant Clayton’s motion for a judgment as a matter of law and, subsequently, his motion for a new trial. The trial court denied the motions, and Clayton appealed.

Analysis

On appeal Clayton argues, as he did below, that the trial court improperly instructed the jury regarding mechanical failure, that the jury’s verdict was not supported by a preponderance of the evidence, and that the trial court erred in failing to grant Clayton’s motion for a judgment as a matter of law and, subsequently, his motion for a new trial. This Court has stated:
“ ‘A trial court has broad discretion in formulating its jury instructions, provided those instructions accurately reflect *285 the law and the facts of the case.’ Pressley v. State, 770 So.2d 115, 139 (Ala.Crim.App.1999). Thus, ‘generally-speaking, the standard of review for jury instructions is abuse of discretion.’ Pollock v. CCC Invs. I, LLC, 933 So.2d 572, 574 (Fla.Dist.Ct.App.2006).”
Arthur v. Bolen, 41 So.3d 745, 749 (Ala.2010). This Court has also stated:
“Under Alabama law, ‘ “[a] party is entitled to proper jury instructions regarding the issues presented, and an incorrect or misleading charge may be the basis for the granting of a new trial.” ’ King v. W.A. Brown & Sons, Inc., 585 So.2d 10, 12 (Ala.1991) (citation omitted). When an objection to a jury charge has been properly preserved for review on appeal, as this one was, we ‘ “look to the entirety of the [jury] charge to see if there was reversible error,” ’ and reversal is warranted only if the error is prejudicial. King, 585 So.2d at 12.”
George H. Lanier Mem’l Hasp. v. Andrews, 809 So.2d 802, 806 (Ala.2001).
Clayton concedes that the mechanical-failure instruction given by the trial court is a correct statement of the law. He argues, however, that the trial court erred in giving the instruction because, he says, there was insufficient evidence of mechanical failure to support such an instruction. Clayton cites the “notes on use” to APJI 26.14, which state that the instruction is: “To be used in cases where defendant offers evidence of mechanical failure as a defense to the action.” (Emphasis added.) Clayton also relies on this Court’s decisions in Phillips v. Seward, 51 So.3d 1019 (Ala.2010), and Friedlander v. Hall, 514 So.2d 914 (Ala.1987).
In Phillips, the plaintiff, Mary Nell Phillips, was involved in a car accident with a vehicle driven by James Travis Seward who, while driving a truck owned by his employer, Heartland Express, Inc., struck the back of Phillips’s vehicle after Phillips had rolled forward slightly in a merging lane and then come to a stop. Phillips sued Seward and Heartland Express, Inc., and the jury entered a verdict for the defendants. On appeal, Phillips argued that the trial court had erroneously instructed the jury regarding the doctrine of contributory negligence. Specifically, Phillips argued that the defendants “failed to present substantial evidence that the accident in which she was injured was at least partly the result of her own negligence and that the trial court accordingly erred by charging the jury on contributory negligence.” 51 So.3d at 1024.
Concluding that Phillips had properly objected to the contributory-negligence instruction, this Court stated: “[W]e must determine whether, in fact, there was substantial evidence that Phillips was in some way negligent so as to justify the giving of the challenged instruction on contributory negligence.” 51 So.3d at 1025. This Court then stated the law regarding contributory negligence and noted that contributory negligence was an affirmative defense as to which the defendant had the burden of proof. After examining the evidence, this Court concluded that the defendants had not presented substantial evidence that Phillips had acted negligently and, therefore, that the trial court had erred in instructing the jury on the doctrine. This Court found the error prejudicial and reversed the judgment for the defendants and remanded the cause for a new trial.
In Friedlander, Amelia Friedlander’s vehicle was struck from the rear by a vehicle driven by Mary Alyce Hall. Hall testified at trial that she did not see Fried-lander’s vehicle, which was stopped in traffic, until the vehicle between Hall’s vehicle and Friedlander’s vehicle turned to the *286 right and that, by that time, it was too late for her to stop. Friedlander sued Hall, and, at trial, over Friedlander’s objection, the trial court instructed the jury regarding the sudden-emergency doctrine. The jury subsequently rendered a verdict for Hall, and Friedlander appealed.
This Court noted that Friedlander did not “argue that the instruction given was an incorrect statement of law, but [did] contend that it was improper for the trial court to give this charge in this case.” 514 So.2d at 915. This Court examined the facts of the case and concluded:
“From our review of the record, we are unable to detect any evidence to support the contention that this case involved a sudden emergency. There was no unusual or sudden occurrence that a driver on a crowded municipal street should not anticipate or expect in the ordinary course of congested urban travel. Consequently, we are of the opinion that the jury was erroneously instructed on the sudden emergency doctrine.
“We are mindful that jury verdicts are presumed to be correct, and that the presumption of correctness is strengthened where the trial court denies a motion for new trial. Guthrie v. McCauley, 376 So.2d 1373 (Ala.1979). However, having found that the trial court, under the circumstances of this case, committed reversible error by instructing the jury on sudden emergency, we need not address the issue of the trial court’s denial of Mrs. Friedlander’s motion for new trial on the ground that the verdict was not supported by the evidence.
“Therefore, the judgment of the trial court is to be reversed and the cause remanded for a new trial.”
514 So.2d at 916. See also Jones v. Lyons, 540 So.2d 729 (Ala.1989) (reaching the same conclusion in nearly identical circumstances involving a jury instruction on the sudden-emergency doctrine).
Based on this Court’s decisions in Phillips and Friedlander and on the comments to APJI 26.14, Clayton argues that Henderson and LLB Timber failed to present any evidence indicating that a mechanical failure had occurred and that, therefore, the trial court had no basis on which to instruct the jury regarding mechanical failure. Henderson and LLB Timber argue that Henderson testified that he set the brakes and that — if his testimony is to be believed — there is no other explanation for the moving of his truck than that a mechanical failure occurred. Based on this reasoning, Henderson and LLB Timber contend that they did present sufficient evidence of mechanical failure to support the instruction.
Henderson and his supervisor, Nichols, testified that the brakes on Henderson’s truck were new and that they had not presented any problems before the accident. Henderson stated that he did not have any problems with the brakes after the accident and that he was certain that he set the parking brake on his truck. He also testified repeatedly that he did not know what had happened to cause the truck to roll. Nichols testified that he could not find anything wrong with the brake system or with any other part of the truck. Nichols further testified that he could not recreate the accident. Accordingly, other than the fact that the accident occurred, there was no evidence to indicate that a mechanical failure occurred.
Henderson and LLB Timber rely on Kinard v. Carter, 518 So.2d 1248 (Ala. 1987). In Kinard, Jack Carter’s vehicle struck an object on the interstate, causing a tire on Carter’s vehicle to blow out. His vehicle then crossed from the northbound lane to the southbound lane of the interstate and struck a vehicle driven by Valer *287 ie Kinard in which her husband, Olis, was a passenger. The Kinards sued Carter and, at trial, the court instructed the jury regarding mechanical failure. The jury returned a verdict for Carter, and the Kinards appealed.
On appeal, among several other arguments, the Kinards argued that the trial court erred in instructing the jury on mechanical failure. This Court stated:
“The evidence is without dispute that defendant’s car was equipped with four new tires, that at least one of these tires ‘blew out’ or failed when the object was struck, and that defendant’s car left the highway immediately thereafter and struck plaintiffs’ vehicle. Thus, the defendant experienced a mechanical failure. It was for the jury to decide whether that mechanical failure, or some negligence of the defendant, was the proximate cause of plaintiffs’ injuries. Howell v. Birmingham Nehi Bottling Co., 267 Ala. 290, 101 So.2d 297 (1958).”
518 So.2d at 1251. In Kinard, therefore, the evidence showed that Carter’s new tire had actually failed. Kinard is thus distinguishable from this case because the defendant in Kinard presented evidence showing that a mechanical failure had in fact occurred. In this case, as stated above, other than the fact that the accident occurred, there was no evidence to indicate that a mechanical failure occurred.
Henderson and LLB Timber next cite two cases for the proposition that the mechanical-failure instruction did not assume facts or improperly lead the jury to a conclusion of fact: Smith v. Pierce, 273 Ala. 321, 323, 134 So.2d 201, 203 (1961) (stating, in a case in which the plaintiff sued her landlord for failing to repair her radiator, that a charge that the plaintiff was not required to stay in her apartment after her lease expired “might have been refused because it is the statement of an abstract principle of law without instructing the jury as to its effect in deciding the issues before them, but it is a correct statement of a legal principle, unnecessary to state, but not reversible error to do so”), and Howell v. Birmingham Nehi Bottling Co., 267 Ala. 290, 293-94, 101 So.2d 297, 299-300 (1958) (stating regarding a mechanical-failure instruction where the evidence showed that a gasket in the right front wheel had ruptured: “We do not find that the facts stated are assumed but the charge hypothesizes those facts on the reasonable satisfaction from the evidence of their existence.... It is said that such a charge gives undue prominence to one phase of the evidence which would justify its refusal, but it is not of such character as to require a reversal for giving it.”). We disagree. The mechanical-failure instruction here was not a charge regarding an abstract principle of law as in Smith. And in Howell, the instruction “hypothesized ... facts on the reasonable satisfaction from the evidence of their existence,” i.e., evidence that a gasket had in fact ruptured. 267 Ala. at 293, 101 So.2d at 300. As stated above, Henderson and LLB Timber presented no evidence from which the fact of a mechanical failure could be “hypothesized” other than the fact of the accident.
When considering claims under Alabama’s Extended Manufacturer’s Liability Doctrine (“the AEMLD”), this Court has held that a plaintiff must prove the existence of the failure or defect; the plaintiff cannot rely solely on the fact that an accident occurred. See, e.g., Taylor v. General Motors Corp., 707 So.2d 198, 202 (Ala.1997) (requiring the plaintiff in an action brought under the AEMLD to “prove the existence of a defective condition and prove that the defect proximately caused his injuries,” and noting the error in “allowing a jury to infer that a product is *288 defective solely from the fact that it failed in some manner”); Townsend v. General Motors Corp., 642 So.2d 411, 415 (Ala.1994) (stating in an AEMLD action: “[T]he failure of a product does not presuppose the existence of a defect. Proof of an accident and injury is not in itself sufficient to establish liability under the AEMLD; a defect in the product must be affirmatively shown.”); Jordan v. General Motors Corp., 581 So.2d 835, 887 (Ala.1991) (“Because Jordan presented no evidence other than evidence that she received injuries as a result of an automobile accident while wearing a GM seat belt, we hold that she did not present substantial evidence to support a claim under the AEMLD.”). We believe that a defendant asserting a defense of mechanical failure should not be held to a lesser burden. Accordingly, the fact that an accident occurred, standing alone, is not sufficient evidence of a mechanical failure to support the instruction. It was incumbent on Henderson and LLB Timber to present substantial evidence that a mechanical failure in fact occurred. Because they did not do so, the trial court exceeded its discretion in instructing the jury regarding mechanical failure.
Finally, Henderson and LLB Timber argue that any error in the mechanical-failure instruction was not prejudicial because they presented sufficient evidence to the jury to support a verdict for the defense on other grounds. Specifically, they rely on evidence from which the jury could have concluded that Clayton was malingering. However, the defendants have not argued or shown that the evidence of malingering entitled them to a judgment in their favor, in the absence of the erroneous instruction. Therefore, the evidence of malingering presented by the defendants does not allow us to treat the giving of the erroneous instruction as harmless error. We decline to speculate that the jury reached its verdict solely on the basis of evidence indicating that Clayton was malingering. For all that appears, the verdict in favor of the defendants was based on the prejudicial effect of the erroneous instruction that prevented the jury from finding in favor of Clayton if it found that the mechanical failure was the sole proximate cause of the accident and Clayton’s injuries.

Conclusion

Based on the foregoing, we conclude that the trial court erred in instructing the jury regarding mechanical failure because the defendants did not present any evidence indicating that a mechanical failure had occurred. Accordingly, we reverse the judgment and remand the cause for a new trial. Our holding in this regard pre-termits consideration of Clayton’s remaining arguments on appeal.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, STUART, BOLIN, PARKER, and SHAW, JJ, concur.
MURDOCK, J., dissents.

. Clayton also sued IndusTree Timber, Inc., but the trial court entered a summary judgment in favor of that defendant before trial. Clayton has not appealed from that judgment.