290 So.2d 658

**STATE of Alabama**

**v.**

**Edmond Jefferson OLIVER et al.**

**Civ. 324.**

Court of Civil Appeals of Alabama.

Feb. 6, 1974.

Arthur J. Hanes, Sp. Asst. Atty. Gen., Birmingham, for appellant.

Albert Boutwell, John H. Lavette, Birmingham, for appellees.

BRADLEY, Judge.

This is a condemnation case.

Appellant, State of Alabama, commenced, in the Probate Court of Jefferson County, proceedings to acquire from appellees for highway purposes, a parcel of land located in Jefferson County. The Probate Court granted condemnation and made an award for the taking of the property. From the order and award, the State appealed to the Circuit Court of Jefferson County where a trial ensued before a jury. There was a verdict for the property owners in the amount of $8,400. The motion for new trial was denied and from that denial this appeal was perfected.

The first contention argued by appellant is that the award to the property owners for the taking of their property was excessive and contrary to the great weight of the evidence.

The evidence shows that the parcel of property in question was a lot fifty feet by one hundred fifty feet, fronting on Six-

tieth Street North in the City of Birmingham. On this lot was a forty year old frame house consisting of four rooms and a bath. There was testimony that the condition of the house as of the date of taking, i. e., February 13, 1969, was not good. The State's appraiser stated that in his opinion the fair market value of the property was $4,500. An appraiser for the property owners said that the market value was $10,720. A businessman in the area stated that he thought the value to be $13,000. One of the owners of the property stated that the property was valued at $10,500.

As can· be seen, the witnesses' testimony as to the value of the property ranged both above and below the amount awarded by the jury as compensation, and it is clearly the province of the jury to examine this testimony, giving such weight to each witness' statements as it deserves and then finding the facts from such evidence. Gordon v. State, 273 Ala. 213, 137 So.2d 752. Moreover, the denial of the motion for new trial by the trial court on such ground will not be overturned unless it is apparent that such verdict is not supported by the great preponderance of the evidence or was obtained as the result of bias, passion or other improper motive on the part of the jury. Pappas v. Ala. Power Co., 270 Ala. 472, 119 So.2d 899.

We are not persuaded in the present case that the trial court erred in overruling the motion for new trial on the ground that the verdict was not supported by the great weight of the evidence.

Appellant's second contention is that·:

"3. The trial court erred in allowing defendant's witness, Wilbur Hollins, [to] testify as to the value of the property in question without his ever having seen said property for the purpose of making an appraisal (Tr. pp. 151–218)."

Mr. Wilbur Hollins stated that he was a real estate broker and appraiser in Jefferson County. He said he had taken several courses in real estate appraising, was a member of various professional appraising organizations, had appraised real estate for private individuals and various lending agencies. He then stated that he had seen the outside of the property in question but not the inside; that he had talked to the owner of the property about its condition. He also said that he had made a study of the surrounding neighborhood, examined comparable sales of real estate and talked to a builder about construction costs. Based on his investigation of subject property and his experience in the field, he offered his opinion as to the fair market value of the property in question. The trial court, over objection, permitted him to give his opinion on the value of said property. Appellant says this was error because the witness was not sufficiently qualified to so testify.

In State v. Moore, 269 Ala. 20, 110 So.2d 635, the Supreme Court said:

"The determination of the qualifications of a witness to testify as to value is for the trial court. The credibility of a witness permitted by the trial court to testify is for the jury and where a witness testifies that he knows the property and he knows its value, he is qualified to state that value. [Citations omitted.]"

Also see Gordon v. State, *supra*; Blount County v. Campbell, 268 Ala. 548, 109 So. 2d 678.

The discretion reposed in the trial court to determine the competency of a witness to testify will not be reviewed unless it is made to appear that the witness' testimony so admitted harmed the appellant's cause. Blount County v. Campbell, *supra*. No such injury has been made apparent in this case.

Appellant's third contention as argued in brief concerns the testimony of Mr. Hollins as to the value of the land separate and apart from his testimony as to the value of the improvements thereon. However, there is no assignment of error making this an issue in the appeal.

■ Only assignments of error properly filed and argued can be considered by an appellate court in this state. Rule 1, Supreme Court Rules, Belcher v. City Comm'r., 280 Ala. 252, 192 So.2d 454. Since there is no assignment of error supporting the third contention argued in appellant's brief, it cannot be considered by this court.

No reversible error having been argued in brief, this cause is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.