The plaintiffs, Shane M. Jones, his wife Debra L. Jones, and his two minor children, Brandi C. Jones and Jamie L. Jones, appeal from a judgment entered pursuant to a jury verdict in favor of the defendant Adelaida C. Baltazar in a personal injury action based on a motor vehicle collision.
On February 15, 1992, Shane Jones and his daughters, Brandi and Jamie, were traveling north on rain-slickened county highway 95, a two-lane road in Shelby County, Alabama. Shane Jones, operating a Jeep Cherokee vehicle, stopped at a standard stop sign, behind five other vehicles, at the dead-end intersection of county highway 95 and waited there for the intersection to clear so that he could turn onto another county highway. A vehicle driven by Baltazar, who was also traveling north on county highway 95 and who had just re-entered the right traffic lane after passing a vehicle driven by Jo Ann Shuler, struck the Jeep Cherokee.
A few days after the collision, Dr. Thomas Donald Weber, a chiropractor in Alabaster, treated the Joneses for their injuries. Dr. Weber testified at trial that Shane Jones, who told Dr. Weber he had no history of neck or back problems, was treated for "severe to moderate" injuries to his back and neck that Dr. Weber considered attributable to the accident. Shane Jones testified that, because of the accident, he suffered backaches, neckaches, and frequent headaches, which he says he had not experienced before the accident. Both children testified to similar injuries.
On January 19, 1993, Shane Jones and Brandi and Jamie, by and through their next friend Shane Jones, sued Baltazar, alleging that Baltazar had negligently and/or wantonly operated her car and had thereby caused their personal injuries and property damage. Shane Jones's wife, Debra Jones, joined as a plaintiff, seeking damages for loss of consortium of her husband.
The jury returned a verdict in favor of Baltazar. The Joneses appeal from the denial of their motion for a new trial, arguing here, as they did below, that the jury verdict was against the great weight and preponderance of the evidence.
A strong presumption of correctness attaches to the trial court's ruling on a motion for a new trial. This ruling will not be disturbed unless some legal right is abused and, in addition, the record plainly and palpably shows the trial judge to be in error. University of Alabama Health ServicesFoundation, P.C. v. Bush, 638 So.2d 794 (Ala. 1994), citingMcDowell v. Key, 557 So.2d 1243 (Ala. 1990).
The Joneses contend that the verdict is contrary to the holding of Gribble v. Cox, 349 So.2d 1141 (Ala. 1977). InGribble, this Court held that a person who drives a vehicle into the rear of another vehicle that is lawfully stopped is prima facie guilty of negligence. Additionally, this Court has held that a motorist approaching an intersection is required to have his or her vehicle under control so as not to drive into the rear of a vehicle whose driver has properly and lawfully stopped to wait for traffic to clear in order to make a turn.Friedlander v. Hall, 514 So.2d 914 (Ala. 1987); Glanton v. Huff,404 So.2d 11 (Ala. 1981). Another formulation of this rule is that a vehicle operator is under a duty to use reasonable care in operating the vehicle.
To construe Gribble as holding that one whose motor vehicle strikes the rear of another's vehicle that is lawfully stopped is necessarily negligent would require a directed verdict or a summary judgment for the plaintiff on the issue of liability where, as here, the defendant admits the incident. Such a rule would usurp the role of the jury as the factfinder on the question of the defendant's due care. The fact that an accident has occurred, under facts similar to those at issue here, does not automatically entitle the plaintiff to a directed verdict. The jury may believe that the defendant presented sufficient evidence to rebut the plaintiff's prima facie case.
Jo Ann Shuler testified that on the day of the accident she was traveling north on county highway 95 when a white Nissan Maxima automobile, operated by Baltazar, pulled out in front of her from a side street. Shuler stated that because the road was wet and she *Page 422 
could not safely apply her brakes in time to avoid a collision with Baltazar, she entered the left traffic lane in order to pass Baltazar and sounded her car horn to warn Baltazar of this maneuver. According to Shuler's testimony, Baltazar was angered at having been passed by Shuler and, in response, passed Shuler's vehicle as the two vehicles approached the intersection at the end of county highway 95. Shuler stated that she slowed her car in order for Baltazar to re-enter the right traffic lane and that Baltazar re-entered the right lane but was unable to stop in time to avoid a collision with the Joneses.
Shuler's testimony directly conflicts with Baltazar's testimony. Baltazar stated that after Shuler passed her on county highway 95, Shuler deliberately slowed the speed of her vehicle below the legal speed limit and, while Baltazar attempted to pass Shuler, Shuler accelerated so as to prevent her from safely re-entering her lane of travel. Baltazar argues that in order to avoid a head-on collision with an oncoming vehicle, she increased her speed, re-entered the right traffic lane, and, because the road was wet, could not stop in time to avoid the collision with the Jones vehicle.
It is the province of the jury to determine the credibility of the evidence, to resolve conflicts therein, to find the facts, and to express its findings in its verdict. State v.Oliver, 52 Ala. App. 197, 290 So.2d 658 (1974); Merchants Bankv. Cotton, 289 Ala. 606, 269 So.2d 875 (1972). As noted above, Baltazar's testimony and Shuler's testimony regarding the events leading to the collision were in direct conflict. It was clearly the province of the jury to examine this testimony, giving such weight to each witness's statement as it deserved, and then to find the facts from that testimony. Apparently, the jury determined that Baltazar acted as a reasonable person under the circumstances.
Accordingly, after thoroughly reviewing the record, we are not persuaded that the trial court plainly and palpably erred in over-ruling the motion for a new trial. The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and INGRAM, JJ., concur.