WOODALL, Justice.
Rose Harshaw appeals from a judgment entered on a jury verdict for Nationwide Mutual Insurance Company in an action against that insurer for uninsured-motorist benefits. We reverse and remand.
I.
On September 14, 1998, Rose Harshaw was lawfully stopped at a red light at an intersection in Huntsville. While stopped, Harshaw’s vehicle was struck from the rear by a vehicle driven by Raymond Dennis, an uninsured motorist. The impact caused minor damage to the rear bumper cover of Harshaw’s vehicle, as well as some minor damage to the front of Dennis’s vehicle.
Harshaw did not see or hear Dennis’s vehicle before the accident. After the accident, she spoke with Dennis, and she smelled the odor of alcohol on his breath and noticed that his speech was slurred. After speaking with Harshaw, Dennis left the scene of the accident.
While the accident was being investigated by a police officer for the City of Huntsville, Dennis returned to the accident scene. The officer testified that when she spoke to Dennis she detected the odor of alcohol on him, and that, in her opinion, Dennis was under the influence of alcohol.
Harshaw told the investigating officer that “she had hurting pains to her neck and that she would go and get it checked out later.” Harshaw later sought medical treatment for problems with her neck, which she alleged were caused by the accident.
*764 II.
On June 12, 2000, Harshaw sued Dennis. The complaint included claims alleging negligence and wantonness. It averred that Harshaw had sustained personal injuries as the proximate result of Dennis’s negligence or wantonness, and it demanded both compensatory and punitive damages.[1]
On August 24, 2000, Harshaw amended her complaint to add Nationwide Mutual Insurance Company, her insurer, as a defendant, and to assert against Nationwide a claim for uninsured-motorist benefits, which she alleged were due as the result of the September 14, 1998, accident. On October 17, 2000, Nationwide answered the amended complaint, admitting the existence of the uninsured-motorist coverage, but denying the other material averments.
When Harshaw’s claim against Nationwide was tried before a jury, the trial court instructed the jury regarding Dennis’s alleged negligence and regarding the compensatory damages claimed by Har-shaw. However, the trial court did not instruct the jury regarding Dennis’s alleged wantonness or Harshaw’s claim for punitive damages.
The jury returned a verdict for Nationwide. Harshaw filed a motion for a new trial, claiming “that the trial court erred in dismissing the wantonness claim asserted by [her]” (emphasis added). Also, she claimed that the jury’s verdict was against the weight of the evidence. The trial court denied the motion for a new trial, and Harshaw appealed.
III.
It is fundamental that a “jury’s verdict is presumed to be correct.” Flemister v. General Motors Corp., 723 So.2d 25, 28 (Ala.1998).
“As to [a] contention that the jury’s verdict was against the weight of the evidence, ... we will not reverse an order denying a motion for a new trial on this ground unless, after allowing all reasonable presumptions of its correctness, we conclude that the preponderance of the evidence against the verdict is so decided as to clearly convince us that the verdict was wrong and unjust.”
Marks v. Intergraph Corp., 740 So.2d 1066, 1067 (Ala.1999).
This is the standard we must apply in reviewing the trial court’s denial of Har-shaw’s motion for a new trial insofar as the motion alleged that the jury’s verdict was against the weight of the evidence.
IV.
Nationwide admitted that it provided uninsured-motorist coverage to Har-shaw. It also admitted that Dennis was an uninsured motorist at the time of the accident. Therefore, the jury merely had to decide whether Harshaw was “legally entitled to recover damages” from Dennis, as required by the uninsured-motorist statute. See § 32-7-23(a), Ala.Code 1975. The term “legally entitled to recover damages” has been interpreted to mean that “ The insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages.’ ” Quick v. State Farm Mut. Auto. Ins. Co., 429 So.2d 1033, 1035 (Ala.1983) (quoting State Farm Mut. Auto. Ins. Co. v. Griffin, 51 Ala.App. 426, 431, 286 So.2d 302, 306 (1973)) (emphasis added in Quick).
*765 Harshaw offered unrefuted evidence that Dennis was at fault, that is, that he was negligent. First, she proved, without dispute, that Dennis had driven his vehicle into the rear of her vehicle, which was lawfully stopped. In so proving, she established that Dennis was prima facie guilty of negligence. See Gribble v. Cox, 349 So.2d 1141, 1144 (Ala.1977) (“the rule in Alabama” is that “one who drives his auto into the rear of another who is stopped in obedience to a traffic light is prima facie guilty of negligence”). Of course, the defendant may present evidence to rebut the plaintiffs prima-facie case. See Jones v. Baltazar, 658 So.2d 420 (Ala.1995). However, Nationwide presented no evidence to rebut Harshaw’s proof.
Harshaw also offered undisputed evidence that Dennis was operating his vehicle while he was under the influence of alcohol. Driving under the influence of an intoxicant has been held to be negligence per se, also referred to as negligence as a matter of law. See Wise v. Schneider, 205 Ala. 537, 88 So. 662 (1921).
If the jury based its verdict for Nationwide upon a finding that it was not reasonably satisfied by the evidence that Dennis was guilty of negligence, then its verdict was against the decided preponderance of the evidence, and clearly its verdict was wrong and unjust. Therefore, we must consider whether the jury was entitled to conclude that Harshaw had not proven to its reasonable satisfaction that she had sustained any injury as the proximate result of Dennis’s negligence. If the jury was not so entitled, the verdict for Nationwide cannot stand. See Ex parte Waples, 781 So.2d 179 (Ala.2000).
Nationwide argues on appeal that “Har-shaw has failed to show, by a preponderance of the evidence, [that] this accident was the proximate cause of her alleged injury.” Brief of Appellee, at 8. However, that argument is directly contrary to Nationwide’s stipulation at trial that “as a proximate result of the September 14,1998 wreck ... Rose Harshaw sustained personal injuries requiring medical treatment.” In light of that stipulation that Harshaw sustained some injuries requiring medical treatment, the jury’s responsibility was to determine the extent of such injuries and then to determine the appropriate amount of compensatory damages. Therefore, we must conclude that the trial court erred in denying Harshaw’s motion for a new trial, because the preponderance of the evidence is so decidedly against the verdict as to clearly convince this Court that the verdict was plainly and palpably wrong and unjust.
V.
Harshaw argues that the trial court erred by failing to instruct the jury on wantonness and punitive damages, because, she says, there was substantial evidence of wantonness. However, because this case must be remanded for a new trial of all issues, and because Nationwide, in the trial court, never challenged the sufficiency of the evidence of wantonness, we decline to address this argument, the only argument Harshaw made regarding the trial court’s instructions to the jury.
The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.

. Harshaw was unable to obtain service of process upon Dennis. All claims against Dennis were dismissed on August 28, 2001.