Susan Serio, the plaintiff in a personal-injury action in the Elmore Circuit Court, appeals from a summary judgment in favor of the sole defendant, Merrell, Inc. ("Merrell"). We affirm.
Serio was injured in a collision at an intersection in Elmore County on November 14, 2002, *Page 962 
involving an automobile driven by Serio and a tractor-trailer truck driven by Russell Merrell ("Russell"). Serio was traveling north on State Highway 143 when she came to a stop sign at the southern edge of Highway 14, which ran generally east and west at that point. Highway 143 intersected State Highway 14 so as to form a "T" intersection. No stop sign or other traffic control signal restricted the passage through the intersection of vehicles traveling on Highway 14. While Serio was stopped at the intersection, the tractor-trailer truck driven by Russell approached the intersection, traveling east on Highway 14. At some point while the truck was approaching, and despite the fact that the truck had the right-of-way, Serio pulled out into the intersection, intending to turn left onto Highway 14. Russell applied all of the brakes on his tractor-trailer rig and attempted to steer to the left to avoid Serio's vehicle, but the truck skidded, jackknifing at some point, and the tractor portion of the rig eventually collided with the left side of Serio's automobile, essentially in the westbound lane of Highway 14.
After the accident, and before any action was filed by Serio, Russell and the company he claims he was working for on the occasion in question, "Merrell Trucking," filed a petition in bankruptcy. and were eventually fully discharged from all potential liability arising out of the accident. Serio sued Merrell, asserting that it was the owner of the truck Russell was driving when the accident occurred and that Russell was actually its employee. Serio charged both that Russell had negligently operated his truck on the occasion in question and that he had wantonly operated it.
Merrell moved for a summary judgment, supported by, among other things, excerpts from the depositions of Russell, Serio, and an eyewitness to the collision, James Schassler. Merrell also submitted as a supporting exhibit a copy of the Alabama Uniform Traffic Accident Report relating to the incident. Serio opposed Merrell's summary-judgment motion, submitting excerpts from her deposition and Russell's, another copy of the accident report, and an affidavit by Larry Mann, whom she tendered as an expert witness. On August 12, 2005, the Elmore Circuit Court entered a summary judgment in favor of Merrell, expressly finding that Serio had been guilty of contributory negligence as a matter of law.
On appeal, Serio contends that there were genuine issues of material fact that precluded a finding that she was contributorily negligent as a matter of law, and that, because contributory negligence is not a defense to a claim of wantonness and there was otherwise sufficient evidence to support the wantonness claim, the trial court erred in entering a summary judgment on that claim.
Our review of the record reveals that the only disputed issue of material fact concerns the speed at which Russell was driving as he approached the point on Highway 14 at which Highway 143 intersected. The posted speed limit was 45 miles per hour. Russell testified in his deposition that he was traveling at that speed when Serio pulled into the intersection; the Alabama state trooper who prepared the accident report (offered as "admissible" evidence by both parties) estimated that Russell's speed was 45 miles per hour as he approached the intersection. He concluded also that the accident occurred when Serio, "not seeing" Russell's truck, collided with it. Schassler, the eyewitness to the accident, did not offer a numerical estimate of Russell's speed but testified in his deposition that it did not appear that Russell was going fast or that he was speeding. Serio acknowledged *Page 963 
during her deposition that she had no personal knowledge about Russell's speed because she never at any time saw the tractor-trailer truck.
A factual issue concerning Russell's speed is raised, however, by Mann's affidavit. A former police officer and current "accident reconstructionist and safety consultant," Mann stated that he had reviewed the accident report, 20 color photographs taken by the investigating state troopers, and a report and a scaled diagram of the accident prepared by a forensic-mapping and accident-reconstruction service. Based upon that review and noting that Russell's "tractor-trailer left approximately 190 feet of skid-marks," Mann expressed the opinion that Russell had been traveling "at approximately 60 mph before he applied any brakes to the tractor or trailer." As Mann reconstructed the events leading to the collision, the application of brakes caused the tractor to jackknife; under the scenario Mann postulated, if Russell had been driving at 45 miles per hour, "he would not have had to brake hard or lock his brakes" and he could thereby have avoided the jackknifing and loss of control of his tractor-trailer rig, which, Mann theorizes, he could have then slowed and driven to the right to avoid contact with Serio's vehicle. Mann ended his affidavit by stating, somewhat ambiguously, that if Russell's truck had been traveling at 45 miles per hour "the Serio car would have been beyond the impact area" when Russell's vehicle arrived at the impact area.
Because Merrell interposed no challenge to Mann's affidavit, it constitutes admissible evidence.
 Standard of Review "This Court reviews a summary judgment de novo. Turner v. Westhampton Court, L.L.C., 903 So.2d 82, 87 (Ala. 2004). We seek to determine whether the movant has made a prima facie showing that there exists no genuine issue of material fact and has demonstrated that the movant is entitled to a judgment as a matter of law. Turner, supra. In reviewing a summary judgment, this Court reviews the evidence in the light most favorable to the nonmovant. Turner, supra. Once the movant makes a prima facie showing that he is entitled to a summary judgment, the burden shifts to the nonmovant to produce `substantial evidence' creating a genuine issue of material fact. Ala. Code 1975, § 12-21-12; Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). `Substantial evidence' is `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Fla., 547 So.2d 870, 871
(Ala. 1989)."
Mutter v. Seeds, 919 So.2d 1174, 1176-77 (Ala. 2005).
 Material Facts
Because under the summary-judgment standard of review we review the evidence in the light most favorable to Serio, the nonmovant, we accept as a fact, for purposes of our review, that Russell's speed as he approached the intersection was 60 miles per hour. All of the other material facts are undisputed. The accident occurred at approximately 12:37 p.m. on a Thursday afternoon; the weather was clear and sunny; visibility was good. Serio testified that she made a complete stop at the stop sign before entering the intersection and that she "looked both ways, and then proceeded to go." She testified: "I did not think I saw anything, and I pulled out. . . . I mean, I didn't see anything. I can't imagine pulling out if I had *Page 964 
seen a big truck coming there." She said that she never saw the tractor-trailer truck or had any idea that it was approaching until after the impact had occurred; pulling out into the intersection is the last thing she remembers before regaining consciousness in a hospital emergency room. She remembers nothing at all about the accident. When she was asked if she had "any reason as to why you did not see the big truck before you pulled out," she answered "[N]o, I really don't."
For his part, Russell testified that as he approached the intersection he saw Serio's white car start to cross his lane of traffic on Highway 14, and he applied both the trailer brakes and the tractor brakes. All the wheels locked up and, able to steer his tractor "somewhat," he turned to the left to attempt to avoid striking the white car.
The eyewitness, Schassler, testified by deposition in the case. Most recently employed training police officers in Iraq, he had formerly worked as both a police officer and a deputy sheriff. He had been driving his vehicle behind Serio's car for a couple of miles on Highway 143 before they reached the intersection with Highway 14, and he stopped behind Serio at the intersection. "We were sitting there. A gravel truck was coming down, a big 18-wheeler looking thing." He could see it "very clearly." He testified:
 "As [the truck] was approaching the intersection, the car just pulled out. She pulled out in front of it. I kept thinking why in the heck is she pulling out in front of a gravel truck? And the gravel truck did everything he could to avoid hitting her, you know. The only thing he could have done to avoid hitting her was to swerve and hit me. He locked his brakes up, tried to swerve as best he could, and ended up colliding with the vehicle."
Schassler reiterated later in his deposition his opinion that the only thing the gravel truck could have done to avoid hitting Serio's vehicle was to swerve and hit Schassler's vehicle, "[b]ecause to me, the only avenue that the truck had besides hitting her was coming — come right at me." Schassler could not think of any reason Serio could not have seen the truck approaching. When the truck was "roughly 100 to 150 yards" from her car, she began to move slowly into the intersection, "just a calm pulling out," as if she did not see the truck. Schassler knew Serio's vehicle was going to get hit, and he could not believe what she was doing.
 Analysis "Contributory negligence is an affirmative and complete defense to a claim based on negligence. In order to establish contributory negligence, the defendant bears the burden of proving that the plaintiff 1) had knowledge of the dangerous condition; 2) had an appreciation of the danger under the surrounding circumstances; and 3) failed to exercise reasonable care, by placing himself in the way of danger. See Knight v. Alabama Power Co., 580 So.2d 576 (Ala. 1991)."
Ridgeway v. CSX Transp., Inc., 723 So.2d 600, 606
(Ala. 1998).
While the question of contributory negligence is normally one for the jury, if the facts are such that all reasonable people would logically have to reach the conclusion that the plaintiff was contributorily negligent, then contributory negligence may be found as a matter of law. Knight v. Seale,530 So.2d 821, 824 (Ala. 1988); Knight v. Alabama PowerCo., 580 So.2d 576 (Ala. 1991); Ex parte Mountain TopIndoor Flea Market, Inc., 699 So.2d 158 (Ala. 1997);Ridgeway, 723 So.2d at 607. Merrell made a prima facie showing *Page 965 
that Serio was contributorily negligent, entitling it to a summary judgment based on that defense, by establishing that she pulled into the path of the large oncoming truck when she could not have failed to see it had she looked to her left before, or as, she moved forward into the intersection. Her own testimony established that she consciously appreciated the danger posed by pulling onto a highway on which the vehicles traveling have the right-of-way, without first making sure that no vehicle was approaching too closely. She admitted that there was no reason she could not have seen the tractor-trailer truck before she pulled out, given the prevailing conditions.
Therefore, the burden shifted to Serio to produce substantial evidence creating a genuine issue of material fact as to whether she consciously appreciated the danger posed by any failure to adequately and accurately check for approaching traffic before pulling out from the stop sign and into an intersection. In Serio's single brief to this Court, she does not discuss, or even take note of, any of the evidence relating to her own conduct or the attendant circumstances, other than to state generally that after stopping at the stop sign, "she then proceeded to make a left-hand turn and travel West on Highway [14] when she was struck by the truck. . . ." (Serio's brief, p. 9.) Rather she simply cites Marquis v.Marquis, 480 So.2d 1213, 1215 (Ala. 1985), for the statement that for there to be contributory negligence "not only must the plaintiff have knowledge of the dangerous condition, but the plaintiff must also must have a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred." She does not attempt to relate that proposition to the facts of this case.
Direct evidence of such an appreciation of danger is not required if the evidence admits of no conclusion except that the plaintiff must have appreciated the hazard involved. It is enough if the plaintiff understood, or should have understood, the danger posed. Ridgeway, 723 So.2d at 606.
The danger of pulling out from a stop sign onto a public highway traversed by two-way traffic having the right-of-way and traveling at highway speeds, without making a final observation to one's left sufficiently attentive to detect in the daylight the impending arrival of a truck of such size as to be inescapably obvious to one taking the precaution of making such an observation, is self-evident, and all reasonable people would logically have to conclude that Serio would have, or should have, consciously appreciated that danger when she drove forward into the intersection. Despite Serio's somewhat ambivalent explanation, "I did not think I saw anything, and I pulled out. . . . I mean, I didn't see anything. I can't imagine pulling out if I had seen a big truck coming there," she essentially acknowledges that an adequate observation to her left would have revealed the approaching truck.
 "A motorist is negligent if he fails to discover a vehicle that he could have discovered in time to avoid injury. . . . All of the testimony was that [the defendant's] vehicle was close enough to constitute an immediate hazard and could have been discovered by [the plaintiff] in time to avoid injury. If [the plaintiff] failed to see what was there to be seen, he was negligent.
 "[The plaintiff] testified that he did not see the [defendant's] vehicle before he turned left. The undisputed testimony is that [the plaintiff] could have seen the vehicle if he had maintained a proper lookout."
Hood v. Murray, 547 So.2d 75, 78 (Ala. 1989). *Page 966 
Assuming that Russell was negligent in approaching the intersection at a speed of 60 miles per hour, Serio makes no argument that she might have seen the truck approaching but that, relying on the assumption that it was proceeding at 45 miles per hour, she was lulled into the misperception that she could safely enter the intersection and make her left turn before the truck arrived at the intersection. She does not otherwise argue that the truck's additional 15-miles-per-hour speed diminished her conscious appreciation of the danger of pulling into the intersection.
We conclude that, under the burden-shifting analysis applicable to consideration of a summary-judgment motion, Merrell made a prima facie showing of all the necessary elements of its affirmative defense of contributory negligence and that Serio failed to carry the burden that then shifted to her to produce substantial evidence creating a genuine issue of material fact as to any of those elements. Therefore, no error is shown with respect to the summary judgment as to the negligence count.
Serio's argument in her brief that the trial court erred in entering the summary judgment on her wantonness claim consists entirely of this paragraph:
 "Moreover, [Serio] has asserted a claim of wantonness in this case to which contributory negligence is no defense. Tyler v. City of Enterprise, 577 So.2d 876 (Ala. 1991). [Serio] is therefore at least entitled to pursue claims of wantonness and the Court's ruling is in error. Wantonness is a question of fact for the jury. Cash v. Caldwell, 603 So.2d 1001, 1003 (Ala. 1992)."
Earlier, in the section of her brief addressing contributory negligence, Serio had stated "in other words, was defendant Merrell negligent or wanton in driving his truck at a speed in excess of 15 mph over the post [sic] speed limit and losing control of this truck when he applied the brakes causing the truck to make impact [sic] Mrs. Serio's car in her lane. . . ." (Serio's brief, p. 14.)
In Knowles v. Poppell, 545 So.2d 40, 42 (Ala. 1989), the evidence was that the defendant was driving between 5 and 15 miles per hour over the legal speed limit, and this Court noted that "[s]peed alone does not import wantonness, and a violation of the speed law does not of itself amount to wanton misconduct." On the other hand, although speed alone does not amount to wantonness, "speed, coupled with other circumstances, may amount to wantonness." Hicks v. Dunn, 819 So.2d 22,24 (Ala. 2001); see also Hornady Truck Line, Inc. v.Meadows, 847 So.2d 908, 916 (Ala. 2002). Serio fails to argue the existence of any "other circumstances" that would elevate the 15-miles-per-hour excess speed from negligence to wantonness in this case. At best, she simply argues that the additional speed caused Russell to lose control of the truck when he applied the brakes, which merely implicates a consequence of the speed, not another condition coexisting contemporaneously with it.
Although the trial judge did not specifically reference the wanton count in Serio's complaint, or explain his reasoning in entering a summary judgment as to it, we will affirm a summary judgment if there is any ground evident in the record upon which the judgment could have been based. Brown v. St.Vincent's Hosp., 899 So.2d 227 (Ala. 2004). As Merrell points out in its brief, citing Bozeman v. Central Bank ofthe South, 646 So.2d 601 (Ala. 1994), this Court has defined wantonness as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from the doing or omitting to do an *Page 967 
act, injury will likely or probably result." (Merrell's brief, p. 22.) Serio has not filed a reply brief and, as noted, has not undertaken in her principal brief to discuss the elements of her wantonness claim or to identify any feature of Russell's conduct, other than speed, that would represent a wanton act or omission. Accordingly, she has shown no error with respect to the trial judge's summary judgment as to the wanton count.
We affirm the summary judgment.
AFFIRMED.
NABERS, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER,, JJ., concur.