51 So.3d 1019 (2010)
Mary Nell PHILLIPS
v.
James Travis SEWARD and Heartland Express, Inc.
1081226.
Supreme Court of Alabama.
June 25, 2010.
*1020 S. Mark Andrew and Dan Talmadge, of Morris, Cary, Andrews, Talmadge & Driggers, LLC, Dothan, for appellant.
Edgar M. Elliott IV, Deborah Alley Smith, and Abbott M. Jones, of Christian & Small LLP, Birmingham, for appellees.
STUART, Justice.
Mary Nell Phillips sued commercial truck driver James Travis Seward and his employer, Heartland Express, Inc., in the Houston Circuit Court after she was injured in an automobile accident involving her vehicle and an 18-wheel tractor-trailer rig driven by Seward. Following a jury trial, the jury returned a verdict in favor of Seward and Heartland Express. The trial court denied Phillips's motion for a judgment as a matter of law or, in the alternative, for a new trial and entered a judgment on the jury's verdict. Phillips appeals. We reverse and remand.

*1021 I.
On November 17, 2004, Phillips was driving her Dodge Caravan minivan on Ross Clark Circle on the north side of Dothan when she entered a dedicated right-turn lane to turn right and travel north on the Montgomery Highway. That right-turn lane was not governed by the traffic signal directing traffic crossing or turning left onto the Montgomery Highway; rather, the traffic-control device for that lane was a yield sign. As Phillips came to the intersection, she stopped at a spot approximately even with the yield sign to wait for a break in traffic on the Montgomery Highway so she could merge into the northbound lane to her left once she made the turn. The lane Phillips was stopped in continued north on the Montgomery Highway for some period before requiring vehicles in it to turn right, but Phillips stated at trial that she did not proceed in the lane because she "wasn't going to turn right."
Seward was traveling that same route when he pulled behind Phillips and stopped to wait for her to enter the Montgomery Highway so that he could then do likewise. When questioned by Phillips's attorney at trial, Seward described the accident that happened next as follows:
"Q: Tell us how this accident happened.
"A: We were stopped in the turn lane. Ms. Phillips pulled forward. I let off my clutch, moved forward. She stopped. I couldn't stop in time to keep from bumping her."
Seward further testified that he was unsure exactly where he was looking in the moments immediately before the accident when he looked back and saw Phillips had stopped:
"Q: Okay. Now, you told us that you felt like that you had been stopped, and then you looked up, and then she had stopped, and then that's when you hit her?
"A: We were stopped.
"Q: But again, you don't know where you were looking just before the accident, do you?
"A: We were stopped. If you want me to say exactly what I was looking at at that moment, I can't be accurate about that.
"Q: You agree that Ms. Phillips was stopped. Correct?
"A: Yes.
"Q: And when you hit her, she was stopped?
"A: Yes, sir.
"Q: Okay. And now, why is it that you did not see her stopped?
"A: When I saw her stopped, it was too late to react, so I bumped her.
"Q: Is that because you had been looking off somewhere?
"A: Well, as I said, I can't be accurate in what I was looking at at that moment.
"Q: That's fine. But at the time you looked upwhen you looked back, she was stopped?
"A: Yes, sir.
"Q: Okay. And you don't fault her for this, do you?
"A: No, sir.
"Q: You don't have any criticism of Ms. Phillips?
"A: No, sir. No, sir. Not at all."
The police officer who responded to the accident testified that Seward told him he was moving at approximately five miles an hour at the time of impact and in the officer's estimation that "would probably be pretty close." Phillips testified that she never saw Seward, but she was adamant that she never moved forward or took her foot off the brake after she came to her *1022 initial stop even with the yield sign. She described the accident as follows at trial:
"Well, the traffic was real heavy that afternoon, and I was sitting there waiting for the traffic that was headed up north off of [Ross Clark] Circle. And I had been sitting there probably a couple of minutes, because it was real heavy. And I had pulled my sun visor down, because I was headed toward the sun. And just, suddenly, this impact hit me, and I was thrown forward. And, you know, a seat belt, I guess, is designed to catch you and hold you. So it tightened up around me. And my head hit the sun visor. And possibly, it might have even hit the metal across the top of the car, because I'm a tall lady, you know. But I did have a head injury. In fact, I almost lost consciousness."
Following the accident, Phillips's grandson was called to the scene, and he took her to the hospital. Phillips complained of head and neck pain, and X-rays were taken, but no fractures were revealed, and Phillips was released. In the period following the accident, Phillips experienced bruising on her abdomen where the seat belt had caught her, and an eschar, or patch of dead skin tissue, developed in the same area. A blister subsequently developed there as well, which her physician advised was a superficial seat-belt burn.
On November 8, 2006, Phillips sued Seward and Heartland Express in the Houston Circuit Court, alleging negligence and seeking damages for the injuries she alleged she had suffered in the November 17, 2004, accident. After discovery was concluded and pretrial motions were resolved, the case proceeded to trial on April 15, 2009. At trial, Phillips argued that Seward's negligence had caused the accident, resulting in the injuries treated immediately after the accident, as well as a fistula running from her colon and exiting her stomach that did not develop until July 2007, but which, she alleged, was caused when a piece of prolene mesh placed in her abdomen in a July 1999 procedure to treat an incisional hernia was jarred loose by the impact of the accident and subsequently became enmeshed in her colon, leading to an infection.[1] Seward and Heartland Express denied that Seward's actions leading up to the accident were negligent; they argued that the accident was instead caused by Phillips's negligence. They also submitted testimony from an expert indicating that the erosion of the prolene mesh into Phillips's colon was unrelated to the automobile accident.
After the presentation of all the evidence, Phillips moved for a judgment as a matter of law on the issues of negligence and liability, arguing that "[t]here has been no evidence at all presented that would lead any fact finder to conclude that [the accident] was anything other than the fault of Mr. Seward." The trial court denied the motion, and the case was then submitted to the jury, which ultimately returned a verdict in favor of Seward and Heartland Express. Phillips's postjudgment motion requesting a judgment as a matter of a law or, in the alternative, a new trial, was subsequently denied by the trial court, and, on June 12, 2009, she filed her timely notice of appeal to this Court.

II.
On appeal, Phillips first argues that the trial court erred by failing to enter a judgment as a matter of law in her favor on the issues of negligence and liability. *1023 We review this argument pursuant to the following standard of review:
"When reviewing a ruling on a motion for a [judgment as a matter of law], this Court uses the same standard the trial court used initially in deciding whether to grant or deny the motion for a [judgment as a matter of law]. Palm Harbor Homes, Inc. v. Crawford, 689 So.2d 3 (Ala.1997). Regarding questions of fact, the ultimate question is whether the nonmovant has presented sufficient evidence to allow the case to be submitted to the jury for a factual resolution. Carter v. Henderson, 598 So.2d 1350 (Ala.1992). The nonmovant must have presented substantial evidence in order to withstand a motion for a [judgment as a matter of law]. See § 12-21-12, Ala. Code 1975; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by the jury. Carter, 598 So.2d at 1353. In reviewing a ruling on a motion for a [judgment as a matter of law], this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Id."
Waddell & Reed, Inc. v. United Investors Life Ins. Co., 875 So.2d 1143, 1152 (Ala.2003).
In her brief, Phillips summarizes her argument that she was entitled to a judgment as a matter of law as follows:
"The evidence that Seward negligently caused the accident was undisputed at trial. Seward testified that the reasonable thing for him to have done was to operate his vehicle so as to avoid hitting the vehicle operated by Phillips, that he did hit the vehicle operated by Phillips from behind, that he had no criticisms of Phillips and that he did not fault her for the accident. Seward failed to keep a proper lookout, was not paying attention to traffic, was following too closely and drove an eighteen-wheeler into the rear of a vehicle whose driver was properly and lawfully stopped."
(Phillips's brief, pp. 27-28.) Seward and Heartland Express counter by arguing that a judgment as a matter of law was not appropriate because, they argue, substantial evidence was presented at trial indicating (1) that Seward was not negligent, that is, that he acted as a reasonable driver under the circumstances, and (2) that Phillips acted unreasonably under the circumstances and was thus contributorily negligent. We first consider the evidence regarding Seward's alleged negligence.
At trial, the undisputed evidence indicated: (1) that Phillips stopped her vehicle in the right-turn lane on Ross Clark Circle to turn north onto the Montgomery Highway; (2) that Seward stopped his vehicle behind her vehicle; and (3) that Seward subsequently struck the rear of Phillips's vehicle with the front of his vehicle. In Harshaw v. Nationwide Mutual Insurance Co., 834 So.2d 762, 765 (Ala. 2002), a case also involving a rear-end collision, we stated that, under Alabama law, such evidence is sufficient to establish a prima facie case of negligence:
"[The appellant] offered unrefuted evidence that [the uninsured motorist] was at fault, that is, that he was negligent. First, she proved, without dispute, that [the uninsured motorist] had driven his vehicle into the rear of her vehicle, which was lawfully stopped. In so proving, she established that [the uninsured motorist] was prima facie guilty of negligence. See Gribble v. Cox, 349 So.2d 1141, 1144 (Ala.1977) (`the rule in Alabama' is that `one who drives his auto into the rear of another who is stopped *1024 in obedience to a traffic light is prima facie guilty of negligence')."
However, as we also noted in Harshaw, "the defendant may present evidence to rebut the plaintiff's prima facie case." 834 So.2d at 765. Seward and Heartland Express argue that they did in fact rebut Phillips's evidence inasmuch as they presented evidence indicating that, after coming to a stop at the yield sign, Phillips started to move her vehicle forward and then stopped, leaving Seward with no time to brake before he ran into her vehicle.[2] They accordingly argue that "the jury was entitled to conclude that Seward reasonably believed that Phillips would continue moving in the merge lane when he observed her moving forward in the turn lane, and that he acted reasonably in letting off his brakes to move forward also." (Brief of Seward and Heartland Express, pp. 27-28.) We agree. Fair-minded persons in the exercise of impartial judgment could conclude that it was reasonable for Seward to begin moving forward when he saw that Phillips was doing so. West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989) ("[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved."). Accordingly, because Seward and Heartland Express presented evidence from which the jury could reasonably infer that Seward's actions leading to the rear-end collision with Phillips were reasonable, the trial court did not err in denying Phillips's motion for a judgment as a matter of law on the issues of negligence and liability. See also Jones v. Baltazar, 658 So.2d 420 (Ala.1995) (holding that the jury was entitled to conclude that the defendant had acted as a reasonable person under the circumstances and was accordingly not negligent even though she had rear-ended the plaintiff's stopped vehicle).

III.
In the event this Court determined that her motion for a judgment as a matter of law was not erroneously denied, Phillips has also argued that she is entitled to a new trial for the following reasons: (1) the jury's verdict was against the great weight of the evidence and was plainly and palpably wrong; (2) the jury instructions given by the trial court were sufficiently erroneous and/or misleading as to constitute prejudicial and reversible error; and (3) the trial court exceeded its discretion by allowing the testimony of Seward and Heartland Express's expert witness, who testified that the accident could not have caused the development of a fistula in Phillips's abdomen nearly three years after the accident. We agree that the jury instructions given by the trial court were erroneous and prejudicial, specifically inasmuch as the trial court charged the jury as to contributory negligence. Accordingly, we consider only that argument and pretermit consideration of Phillips's other arguments seeking a new trial.
Phillips argues that Seward and Heartland Express failed to present substantial evidence that the accident in which she was injured was at least partly the result of her own negligence and that the trial court accordingly erred by charging the jury on contributory negligence. In George H. Lanier Memorial Hospital v. Andrews, 809 So.2d 802, 806 (Ala. 2001), we stated:

*1025 "Under Alabama law, `"[a] party is entitled to proper jury instructions regarding the issues presented, and an incorrect or misleading charge may be the basis for the granting of a new trial."' King v. W.A. Brown & Sons, Inc., 585 So.2d 10, 12 (Ala.1991) (citation omitted). When an objection to a jury charge has been properly preserved for review on appeal, as this one was, we `"look to the entirety of the [jury] charge to see if there was reversible error,"' and reversal is warranted only if the error is prejudicial. King, 585 So.2d at 12."
It is undisputed that Phillips properly objected to the challenged jury instruction regarding contributory negligence and that she preserved that issue for appeal; therefore, we must determine whether, in fact, there was substantial evidence that Phillips was in some way negligent so as to justify the giving of the challenged instruction on contributory negligence.
The doctrine of contributory negligence provides that "a plaintiff cannot recover in a negligence suit where plaintiff's own negligence is shown to have proximately contributed to his damage, notwithstanding a showing of negligence on the part of the defendant." Brown v. Piggly-Wiggly Stores, 454 So.2d 1370, 1372 (Ala.1984). Contributory negligence is an affirmative defense, and Seward and Heartland Express accordingly bore the burden of proving it at trial. Serio v. Merrell, Inc., 941 So.2d 960, 964 (Ala.2006). Seward and Heartland Express argue that they met their burden by submitting evidence indicating that Phillips stopped her vehicle at the yield sign, started to move it forward, and then stopped it even though there was an open merge lane in front of her, leaving Seward with no time to brake before running into the rear of her vehicle. We disagree that this evidence indicates that Phillips was negligent.
It is undisputed that the lane in which Phillips's vehicle would be traveling when she made the right turn eventually required vehicles in it to turn right, that Phillips did not intend to turn right, and that she was attempting to merge left into heavy traffic so she could continue north on the Montgomery Highway. We cannot agree that a fair-minded person in the exercise of impartial judgment could reasonably conclude that a driver attempting to merge in such circumstances acted unreasonably or negligently merely by beginning to move forward after she had stopped and then restopping. Certainly, Seward did not believe that Phillips acted unreasonably; he had no criticism of her driving at trial, and he testified that he did not fault her for the accident. Accordingly, we conclude that Seward and Heartland Express failed to present substantial evidence that Phillips was contributorily negligent. In the absence of substantial evidence that Phillips was in some manner negligent, the trial court erred by charging the jury on contributory negligence. That error was prejudicial and can be remedied only by granting Phillips's motion for a new trial.

IV.
Because there was substantial evidence from which the jury could have reasonably concluded that Seward's actions leading to the accident were reasonable, the trial court did not err in denying Phillips's motion for a judgment as a matter of law on the issues of negligence and liability. However, because there was not substantial evidence indicating that the accident was to some extent caused by Phillips's own negligence so as to justify a jury instruction on contributory negligence, the trial court did err by so charging the jury. Accordingly, the judgment entered on the jury's verdict is reversed, and the cause is remanded for a new trial.
REVERSED AND REMANDED.
*1026 LYONS, SMITH, PARKER, and SHAW, JJ., concur.
COBB, C.J., and WOODALL and MURDOCK, JJ., concur in the result.
WOODALL, Justice (concurring in the result).
I concur in the result. I agree that the trial court erred by charging the jury on contributory negligence. Although James Travis Seward and Heartland Express, Inc., argue that they "presented sufficient evidence from which a reasonable juror could conclude that [Mary Nell] Phillips made a sudden stop that contributed to cause the accident," brief of Seward and Heartland, at 38 (emphasis added), my review of the record reveals no evidence indicating that Phillips "made a sudden stop" or that she was possibly negligent in some other respect.
COBB, C.J., concurs.
NOTES
[1] A "fistula" has been defined as "`an abnormal passage leading from an abscess or hollow organ to the body surface or from one hollow organ to another and permitting passage of fluids or secretions.'" Orgeron v. Louisiana Med. Mut. Ins. Co., 1 So.3d 576, 582 n. 6 (La.Ct.App.2008) (quoting Webster's Collegiate Dictionary (10th ed. 1997)).
[2] Although Phillips disputes Seward's allegation that she began to move forward after she stopped initially and then stopped again, our standard of review requires us to accept Seward's allegation as true for the purposes of this analysis. Waddell & Reed, Inc., 875 So.2d at 1152.