DONALDSON, Judge,
concurring specially.
I concur. The Alabama Supreme Court has held that “[djenying, and to a more limited extent granting, a motion for new trial is within the sound discretion of the trial court.” Carter v. Henderson, 598 So.2d 1350, 1354 (Ala. 1992). When a motion for a new trial is based on the trial judge’s perception of the weight of the evidence and not on procedural or substantive errors or irregularities, the trial court’s discretion is. more limited, and, if such a motion is granted/ our greatest deference should be in favor of the jury’s verdict.
In Shows v. Jamison Bedding, Inc., 671 F.2d 927, 930 (5th Cir. 1982), the United States Court of Appeals for the Fifth'Circuit explained the scope of the trial court’s discretion in deciding whether to set aside a jury’s verdict and grant a new trial:
“Th[e] deferential standard of - review has largely arisen from the consideration of cases in which motions for new trials have been denied. ... When the trial judge has refused to disturb a jury verdict, all the factors that govern our review of [the trial judge’s] decision favor affirmance. Deference to the trial judge, who has had an opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record, operates in harmony with deference to the jury’s determination of the weight of the evidence and the constitutional allocation to the jury of questions of fact. ... "When the trial judge sets aside a jury verdict and orders a new trial, however, our deference to [the trial judge] is in opposition to the deference due the jury. Consequently, in -this circuit as in several others, we apply a broader review to orders granting new trials than to orders denying them. ... And where a new trial is granted on the ground that the verdict is against the weight of the evidence, , we exercise particularly close scrutiny, to protect the litigants’ right to a jury trial.”
In Redd v. City of Phenix City, 934 F.2d 1211, 1215 (11th Cir. 1991), the United States Court of Appeals for the Eleventh Circuit noted:
‘When a [trial] court grants a new trial because the verdict is against the weight of the evidence, [the appellate] *528 .court’s review will be extremely stringent to protect/a party’s right to a jury trial. ... This is particularly true when the new trial is premised upon sufficiency of the evidence as opposed to some factor which may have infected the .eyi-dence itself. ... When there is. some support for a jury’s.verdict, it is irrelevant what we or the . [trial] judge would have concluded.” .
In Lind v. Schenley Industries, Inc., 278 F.2d 79, 90 (3d Cir. 1960), the United States Court of Appeals for the Third Circuit observed:
“[W]here no undesirablé or pernicious element has occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury!s verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of. the jury. Such an action effects,a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime -function of the jury as the-trier of the facts. It then becomes .-the dqty of the appellate tribunal to • exercise a closer degree of scrutiny and supervision than is the case where, a new trial is granted because of some undesirable or pernicious influence obtruding into the trial. Such a. close scrutiny is required in order to protect the litigants’ right to jury trial.”
In Tyler v. Davis, 196 So.3d 258 (Ala. Civ. App. 2015), a motor-vehicle-accident case, the jury returned a verdict for the plaintiff but awarded only $100 in damages. The-trial judge granted the plaintiff’s motion for a new trial because- the trial judge determined that the damages “ ‘were so inadequate as to indicate that the verdict [was] the result of passion, prejudice, or other improper motives such as the injection of [inadmissible evidence] and inapplicable defenses ....’” Id. at 259. The trial judge specifically listed the reasons why the verdict was tainted. This court reversed and ordered the jury verdict to be reinstated. I dissented and stated: “The trial judge personally observed and. heard the statements of counsel and the testimony of the witnesses, and the trial judge personally observed the reactions of the jurors. Because of the trial judge’s decidedly superior vantage point to make a finding as to whether those events improperly tainted the jury verdict, I would affirm.” Id. at 265 (Donaldson, J., dissenting). The trial judge’s determination that the jury verdict was tainted because of “undesirable or pernicious elements]” both perceived and articulated by the trial judge was due our greatest deference. See Redd, 934 F.2d at 1215 n.3 (“If a trial judge grants a new trial because of prejudice .,., then this court’s review will not be as rigorous. This pays tribute to our jury system. Our system of justice seeks a jury verdict arising from a trial free' of impropriety.”).'
In contrast, the jury verdict in this case was not found to be tainted but was set aside based on a judicial perception of the weight of the evidence to support it. Our standard of review is that “an order granting a motion for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence.” Jawad v. Granade, 497 So.2d 471, 477 (Ala. 1986). The trial court charged the jury that “[t]here is no presumption of negligence arising out of the fact that an accident occurred.” The jury was told that it was entitled to weigh the evidence and to assess the credibility of the witnesses. As noted by the main opinion, the trial court instructed the jury that the plaintiff had =to prove that the *529 defendant was negligent before it could return a verdict for the plaintiff. The jury apparently was not, as charged by the trial judge, “reasonably satisfied from the evidence” that the defendant did “something that a reasonably prudent person would not do in a similar situation, or ... fail[ed] to do something that a reasonably prudent person would have done in a similar situation.” That decision was for the jury to make. See Jones v. Baltazar, 658 So.2d 420 (Ala. 1995) (holding that whether motorist whose vehicle struck another vehicle from the rear was negligent was a question for the jury). Accordingly, applying the standard of review, established in Jawad v. Granade, 497 So.2d at 477, it is “easily perceivable” that the verdict was supported by the evidence cited in the main opinion, even though the verdict is certainly subject to earnest disagreement.